**In re Anonymous No. 22 D.B. 79**

Disciplinary Board Docket no. 22 D.B. 79.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

HENRY, *Chairman,* October 14, 1980—Pursuant to Pa.R.D.E. 208(d), the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendation to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

The office of disciplinary counsel filed a petition for discipline in the above matter on August 2,

1979. The petition alleged that respondent was retained to represent a client in a personal injury action, failed to file a complaint within the time required by law, falsely advised his client that an offer of settlement had been received, prepared a fictitious release form and failed to pay his client the amount of the alleged settlement. The petition asserted these acts were in violation of D.R. 1-102(A) (4, 5, and 6) (conduct involving dishonesty, fraud, deceit or misrepresentation; prejudicial to the administration of justice; and adversely reflecting upon fitness to practice law), 6-101(A)(3) (neglect of a legal matter), and 7-101(A) (1, 2, and 3) (intentionally failing to seek lawful objectives of client; intentionally failing to carry out a contract of employment; and intentionally prejudicing or damaging his client during the course of a professional relationship).

A hearing was held on November 2, 1979. Respondent was represented by counsel. Following a determination by the hearing committee that respondent had violated all of the Disciplinary Rules as charged except those requiring specific intent, a second hearing was held on April 17, 1980 to receive evidence regarding the type of discipline to be imposed upon respondent for his misconduct. The hearing committee filed its report on May 14, 1980 recommending that respondent be suspended from the practice of law for 90 days. Exceptions were filed by the Office of Disciplinary Counsel. The exceptions only challenged the recommended discipline, urging a two year suspension. A brief opposing the exceptions was filed on behalf of respondent and the matter was considered by the Disciplinary Board at its meeting on September 19, 1980. For the reasons set forth below, this board recommends to

your honorable court that respondent be suspended from the practice of law for a period of not less than two years.

## II. FINDINGS OF FACT

1. Respondent is an attorney admitted to the practice of law in the Commonwealth of Pennsylvania since 1965. He is presently employed by the law firm of [ ] in [ ]. He assists [ ] Esq., a partner in the firm, on a full time basis for an annual salary of about $41,000. He has no clients of his own.

2. On or about May 13, 1974 client sustained personal injuries when she slipped and fell on or near the premises of the [ ] store.

3. In September, 1974 client retained respondent and respondent agreed to prosecute on her behalf a claim for damages arising out of the personal injuries.

4. Harford was the liability insurance carrier for store.

5. At various times between October, 1974 and June, 1978 respondent assured client that her claim against store was progressing satisfactorily and that he was working on said claim.

6. By letters dated June 15, 1978 and July 28, 1978 client attempted to obtain a status report from respondent regarding her case against store.

7. Client found it necessary to send the letters because respondent would not provide her with status reports regarding her case.

8. Respondent informed client that he had settled or was about to settle client's claim against store for the sum of $2,500.

9. In September or October, 1978 client asked respondent when she could expect the settlement

check which respondent had claimed he was going to receive.

10. In response to client's question about when he would obtain her check in the amount of $2,500, respondent replied that "they" (without specifying who) were reluctant to issue it but that he would get the check and mail it to client.

11. In November, 1978 respondent tendered to client a release form which purported to release store from any and all liability arising out of the accident.

12. On November 16, 1978 client signed the release tendered by respondent and returned it to respondent's office.

13. Respondent failed to file suit against store on client's behalf.

14. Respondent failed to inform client that he had not filed suit against store.

15. Harford's last activity in the file involving client's claim against store occurred on or about October 10, 1974.

16. Harford closed its file on client's case against store, without payment, on or about July 12, 1976.

17. Harford did not settle client's claim against store and did not submit any release to her.

18. Harford's only offer to settle client's claim against store was made to client by a GAB Insurance Adjuster in 1974 for $1,500 before client had retained respondent.

19. Respondent's communications to client were deliberate efforts to deceive client into thinking that her claim against store had been settled and were calculated to disguise respondent's failure to proceed with her claim.

20. On August 24, 1979 client, through her new attorney, filed suit against respondent. On April 7,

1980 a default judgment was entered against respondent in the amount of $2,687.50 (it is assumed that this amount represents the alleged $2,500 settlement plus interest from the date of same). Respondent has offered to pay the judgment and has tendered such moneys to client's attorney, but to date her attorney has refused to accept same.

21. In a previous disciplinary complaint filed on April 19, 1976 to no. 12 D.B. 76, respondent was charged in two separate matters with violations similar to the case at bar. In that case, the hearing committee recommended a private reprimand. However, this board recommended public censure which was accepted by your honorable court. The censure was administered on April 19, 1978, 8 D. & C. 3d 294 (1978).

22. In another previous disciplinary complaint filed on December 8, 1977 to no. 56 D.B. 77, respondent was charged in a third matter with a violation similar to the case at bar. The hearing committee notified respondent that a violation had been found and a hearing to determine the extent of discipline was held on June 27, 1978. The committee filed its report on August 23, 1978 recommending a private reprimand, which recommendation was accepted by this board. Respondent was notified of this action on November 3, 1978. The reprimand was administered on December 9, 1978 pursuant to a notice dated November 20, 1978.

## III. DISCUSSION

This case marks the third occasion on which respondent has been involved in a disciplinary proceeding. The misconduct in each instance was essentially the same. Respondent was retained to rep-

resent a client in a personal injury matter, failed to file a complaint within the time required by the statute of limitations, failed to advise his clients about the failure to file, lied to his clients about the status of their cases, falsely told them that their cases had been settled for a specific sum of money and tendered false and fraudulent releases to them. In response to the second complaint, the hearing committee and this board concurred that a private reprimand was adequate discipline because the acts occurred at the same time as those which formed the basis for the previous complaint and prior to the first disciplinary proceedings. It was felt that the public censure administered with respect to the first complaint was sufficient and the private reprimand served to remind respondent of his responsibilities.

The facts in the case at bar are significantly different. While the accident and hiring of respondent took place at approximately the same time as the prior incidents, the statute of limitations had not run at the time the first disciplinary action was commenced. More importantly, the fraudulent misrepresentations to client did not occur until after the hearing committee in the first disciplinary proceeding filed a report stating that it ". . . was impressed with the overall candor and demeanor of the Respondent and his obvious remorse and contrition as to these matters" and after the public censure had been administered by your honorable court for these transgressions. Furthermore, they were being made at the same time that respondent was professing regret and declaring that he had reformed to the hearing committee and this board in the proceedings arising out of the second complaint.

Chief Justice Eagen reminded respondent of his misconduct at the time of the public censure on April 19, 1978, summarizing his acts as follows, 8 D. & C. 3d 301:

"[B], in two instances you were retained to represent parties who had personal injury actions. You failed to protect your clients' rights by failing to institute the actions within the legal period permitted. Then you compounded your misconduct by telling your clients that suit had been instituted, and then made the further misrepresentation or falsehood by saying that an offer of settlement had been made and, in at least one of these two instances, you advised and secured from your client a falsified settlement agreement." ·

A little more than two months later, on June 27, 1978, a hearing was held on the second complaint to determine the discipline to be imposed. At that time, [ ], respondent's counsel, asked him, "The punishment of public censure was administered on May 10, 1978 (sic), before the Supreme Court, is that correct?" Respondent replied, "That's a date I won't forget." (transcript of June 27, 1978 hearing to no. 56 D.B. 77). Respondent was present while his counsel argued at length to the hearing committee that no substantial discipline should be imposed because the incident involved occurred prior to the previous disciplinary proceedings. He remained silent as his attorney stated to the hearing committee, "There are no other pending cases. If there are, I would be surprised. There are no other pending matters." It was during this same period of time that respondent was lying to client about the settlement offer.

The hearing committee filed a report on August

23, 1978 in which it stated, "If the conduct involved in the proceeding before us had occurred after Respondent had been disciplined for the other two violations, we would consider a very severe sanction appropriate. But that is not the case." After receiving this report and notice that this board concurred in the recommendation of a private reprimand, respondent submitted the false release to client. Less than a month later, respondent advised this board at the time of his reprimand, ". . . it is something that will not happen again." And later, "I hope I never have to come before this Board again." Nevertheless, respondent continued to mislead his client in a manner exactly similar to the method employed in the cases for which he received public censure and the private reprimand.

For these reasons, this board cannot accept respondent's continued assertion that these actions will never be repeated. He has misled the hearing committee and lied to this board. He was committing acts of fraud against client at the very time he was professing remorse and reform. This board can only conclude, contrary to the hearing committee in this case, that respondent will say whatever is necessary to promote his own cause, regardless of the actual facts. Under the circumstances, we feel that he has no credibility whatsoever and no client can reasonably place his or her confidence in him. While he is currently employed by another attorney and has no clients of his own, he is still in a position where he can harm others as a result of the dishonesty he has employed in the practice of his profession. The necessity of protecting the public outweighs the hardship that a substantial suspension would impose upon respondent and his family.

Therefore, this board is of the opinion that a two year suspension is required. Respondent must be compelled through the reinstatement process to establish by clear and convincing evidence that he has regained the moral qualifications required to practice law in this Commonwealth and that the resumption of practice will be neither detrimental to the integrity and standing of the Bar or the administration of justice nor subversive of the public interest. Until respondent has met that burden, he cannot be permitted to hold himself out to the public as an attorney.

## IV. RECOMMENDATION

For the reasons set forth above, the Disciplinary Board recommends to your honorable court that respondent be suspended from the practice of law for a period of two years and that respondent shall comply with all of the provisions of Pa.R.D.E. 217.

## ORDER

O'BRIEN, *C.J.*, And now, January 22, 1981, respondent having been suspended on November 24, 1980, and a rule to show cause why he should not be disbarred from the practice of law having been entered upon him, upon consideration of his answer to the rule and reply of the Disciplinary Board to the answer; it is ordered that the rule be and is hereby discharged; and it is further ordered that respondent be and is hereby suspended for a total of 42 months.